# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

COURTNEY LEE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

BEST BUDZ LLC, a Colorado limited liability company, and
TYSON RINGSTROM, an individual,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Courtney Lee ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

### NATURE OF THIS ACTION

1. This action is brought on behalf of all cannabis trimmers, harvesters, grow technicians, cultivators, and like positions (collectively, "technicians") employed by Best Budz LLC ("Best Budz") in Colorado within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as a class action under Fed. R. Civ. P. 23.

2. Plaintiff alleges that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 Colo. C. Reg. § 1103-1, by failing to pay technicians (regardless of actual job title) (i) the applicable minimum wage for all hours worked; and (ii) overtime compensation at the proper regular rates of pay.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

5. Best Budz is subject to personal jurisdiction in Colorado because it conducts substantial business in this State and the acts and omissions alleged herein occurred in this State.

6. Defendant Tyson Ringstrom ("Mr. Ringstrom") is subject to personal jurisdiction in Colorado because he is a resident and citizen of Colorado.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

8. Plaintiff is an individual who is domiciled and resides in Colorado Springs, Colorado.

9. Best Budz is a Colorado limited liability company having a principal office address of 3729 Austin Bluffs Parkway, Colorado Springs, Colorado 80918.

10. Mr. Ringstrom is, upon information and belief, the sole member of Best Budz.

11. Upon information and belief, Mr. Ringstrom is a citizen of, and domiciled in, Colorado. Mr. Ringstrom is, and at all points relevant to this Complaint has been, responsible for Best Budz's pay practices and exercises substantial control over its finances and operations. As

such, he is individually liable for Best Budz's illegal pay practices as alleged herein pursuant to the FLSA. Best Budz and Mr. Ringstrom are referred to herein collectively as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Best Budz as technicians in Colorado at any time in the last three (3) years through the date of entry of judgment in this case and (i) were not paid minimum wage for all hours worked ("Minimum Wage Collective"); and/or (ii) were not paid overtime for all hours worked, or were not paid at an appropriate rate of pay for hours worked, in excess of forty (40) in a workweek ("Overtime Collective"). The Minimum Wage Collective and Overtime Collective are referred to herein collectively as the "Collectives."

13. Plaintiff will fairly and adequately protect the interests of the members of the Collectives and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

14. The members of the Collectives are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

15. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Best Budz's violation of the Colorado Wage Order, 7 Colo. C. Reg. § 1103-1.

16. Plaintiff brings her Colorado state law claim on behalf of all persons who were employed by Best Budz in Colorado at any time in the last three (3) years through the date of the entry of judgment in this case who hold or held the position of technician (regardless of actual job title) and (i) were not paid minimum wage for all hours worked ("Minimum Wage Class"); and/or (ii) were not paid overtime for all hours worked, or were not paid at an appropriate rate of pay for hours worked, in excess of 40 in a workweek or 12 hours in a work day ("Overtime Class"). The Minimum Wage Class and the Overtime Class are referred to herein collectively as the "Colorado Classes."

17. The members of the Colorado Classes are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Best Budz, upon information and belief, there are at least 20 members of the Colorado Classes.

18. Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same job as the members of the Colorado Classes; Best Budz paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wrongful conduct in which Best Budz engaged in violation of the Colorado Wage Order.

19. The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that

numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against, on information and belief, a well-capitalized corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts if they were forced to take duplicative evidence and repeatedly decide the same issues relating to Best Budz's conduct.

20. Best Budz has acted or refused to act on grounds generally applicable to all members of the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

21. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

22. Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

23. There are questions of law and fact common to the Colorado Classes which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

   a) whether Best Budz employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

   b) whether Best Budz's policies and practices described within this Complaint are illegal;

   c) whether Best Budz paid the members of the Colorado Classes for all hours worked;

   d) whether the payments to the members of the Colorado Classes were within the minimum wages required by applicable law;

e) whether Best Budz properly calculated the number of overtime hours payable to the members of the Colorado Classes based on their work beyond 40 hours in a workweek or 12 hours in a work day;

f) whether the overtime rates paid to the members of the Colorado Classes were those required by law;

g) what proof of hours worked is sufficient where, as here, employers fail in their duty to maintain accurate time records; and,

h) whether Best Budz is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

24. Plaintiff began her employment with Best Budz as a technician in or around February 2016 and has worked for Best Budz in that capacity on four (4) separate occasions in the intervening three and one-half years.

25. More specifically, Plaintiff was employed by Best Budz for approximately two months in early 2016 ("Block One"); approximately eight months in 2017 ("Block Two"); approximately six months in 2018 ("Block Three"); and (thus far) approximately one and one-half months in 2019 ("Block Four"). Plaintiff voluntarily ended Blocks One, Two, and Three for alternative employment outside the State of Colorado. She is presently employed with Best Budz and intends to so remain.

26. At all times relevant hereto, Plaintiff was employed by Best Budz as a technician. The primary job responsibilities of technicians include caring for and harvesting cannabis plants for sale at Best Budz's retail dispensary.

27. Best Budz paid certain technicians, including Plaintiff during Blocks Three and Four, "under the table" in cash at the end of each week. By way of example, Plaintiff is paid approximately $480 in cash for each workweek. Upon information and belief, inadequate time and payroll records are and have been kept.

28. Certain of Best Budz's technicians were classified as W-2 employees; others were classified as 1099 independent contractors. During Block One, for example, Plaintiff was classified as a W-2 employee. During Block Two, Defendants changed Plaintiff's classification from employee to 1099 independent contractor. During Blocks Three and Four, Plaintiff was classified as a 1099 independent contractor. Plaintiff's job duties did not meaningfully change between her status as an employee and as an independent contractor.

29. Best Budz and its purported independent contractors have no written independent contractor agreements in effect. Under applicable law, such technicians should be, and should have been, classified as employees.

30. Whether classified as employees or (wrongly) as independent contractors, technicians are non-exempt under the FLSA and the Colorado Wage Order.

31. Technicians routinely worked more than five days per week, frequently exceeding ten or even 12 hours per workday. In a typical workweek, Plaintiff worked at least 47, and sometimes well over 60, hours. By way of example, Plaintiff worked (and reported) 47.6 hours for the workweek ending on August 16, 2019; Plaintiff worked (and reported) 13.25 hours on July 27, 2019. Plaintiff tended to work the highest number of hours during Blocks Two and Three. On an effective hourly basis, Plaintiff was sometimes paid less than eight dollars per hour, well under Colorado's current minimum wage.

32. Best Budz has in place an inadequate timekeeping method for tracking and recording the time its technicians spend working.

33. Throughout all relevant time periods, Best Budz failed to maintain accurate and sufficient time records and strategically endeavored to maintain opacity in its pay practices.

34. Mr. Ringstrom frequently admitted that his operations, including his pay practices, were designed to minimize the taxes Best Budz paid.

35. Mr. Ringstrom stated that he would only pay technicians for 40 hours per workweek regardless of how many hours he directed them to work. In fact, Mr. Ringstrom instructed technicians to keep track of and report to him how many hours they worked. Despite knowing that technicians, including Plaintiff, worked well over 40 hours per workweek, Mr. Ringstrom only would pay them—usually in cash—for 40 hours at a regular (not overtime) rate of pay. In the past, Mr. Ringstrom would occasionally pay Plaintiff for hours worked over 40 per workweek, but this was inconsistent and was paid at straight-time, not overtime, rates.

36. On information and belief, all technicians, whether classified as employees or (wrongly) as independent contractors, are paid for only 40 hours per workweek and at a regular rate of pay.

37. Defendants' violations of the FLSA and the Colorado Wage Order are willful. Mr. Ringstrom is well aware of Best Budz's legal obligation to pay overtime compensation because he actively created schemes to avoid doing so.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT
### *COLLECTIVE ACTION AGAINST ALL DEFENDANTS*

38. All preceding paragraphs are incorporated herein.

39. At all relevant times, Best Budz has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

40. At all relevant times, Mr. Ringstrom has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

41. At all relevant times, Defendants employed and/or continue to employ Plaintiff and each of the members of the Collectives within the meaning of the FLSA.

42. At all relevant times, on information and belief, Best Budz has had gross annual revenues exceeding $500,000.

43. At all relevant times, Best Budz had a uniform policy and practice of failing to pay technicians for all hours worked, of failing to compensate them at the appropriate minimum wage, and of failing to pay overtime compensation for all overtime hours at one and one-half their respective proper regular rates of pay.

44. As a result of Best Budz's willful failure to properly compensate its employees (whether classified as employees or independent contractors), including Plaintiff and the Collective members, Best Budz has violated, and continues to violate, the FLSA.

45. Best Budz has failed to make, keep, and preserve records with respect to each of its employees and wrongly-classified independent contractors sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Due to Defendants' FLSA violations, Plaintiff and the Collective members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime compensation,

actual and liquidated damages, including Best Budz's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

48. The FLSA opt-in form of Plaintiff is attached as Exhibit 1.

## SECOND CLAIM FOR RELIEF
## COLORADO WAGE ORDER
*CLASS ACTION AGAINST BEST BUDZ*

49. All preceding paragraphs are incorporated herein.

50. At all relevant times, Plaintiff and the members of the Colorado Classes were employed (whether as employees or independent contractors) by Best Budz within the meaning of the Colorado Wage Order.

51. Best Budz is covered under the Colorado Wage Order as it is a retail and service entity.

52. Best Budz violated the Colorado Wage Order by failing to pay technicians for all hours worked at the minimum wage prescribed by the Colorado Wage Order, by failing to properly calculate overtime hours, and by failing to pay overtime compensation at the rates required.

53. Plaintiff and the members of the Colorado Classes are entitled to recover from Best Budz minimum wages for all hours worked, overtime compensation at the appropriate rate for hours worked over 40 in a workweek or 12 in a work day, any statutory penalties, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action pursuant to the Colorado Wage Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other members of the Collectives and the Colorado Classes, respectfully requests that this Court grant the following relief:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and her counsel to represent the classes;

b) Designation of this action as a collective action on behalf of the members of the Collectives and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collectives, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the Colorado Wage Order;

e) An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h) An award of pre-judgment and post-judgment interest;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j) Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed Collectives and Colorado Classes have a right to jury trial.

Respectfully submitted this 27th day of August, 2019.

>  */s/ Andrew E. Swan*
> Paul F. Lewis
> Michael D. Kuhn
> Andrew E. Swan
> LEWIS | KUHN | SWAN PC
> 620 North Tejon Street, Suite 101
> Colorado Springs, CO 80903
> Telephone:  (719) 694-3000
> Facsimile:   (866) 515-8628
> plewis@lks.law
> mkuhn@lks.law
> aswan@lks.law
>
> *Attorneys for Plaintiff*