# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (hereinafter referred to as the "Agreement") is made by and between COURTNEY LEE ("Lee"), MICHAEL SOMMA ("Somma" and collectively with Lee are referred to herein as "Plaintiffs"), TYSON RINGSTROM, including his heirs, executors, administrators, agents, legal representatives, assigns, beneficiaries and successors in interest ("Ringstrom"), and BEST BUDZ, LLC, including each and every subsidiary, affiliate, officer, director, owner, shareholder, partner, member, manager, representative, insurer, agent, attorney, employee, successor and assign thereof, and all related entities with common ownership, including all members, managers, partners and owners of said entities ("Best Budz" and collectively with Ringstrom are referred to herein as "Defendants"). Plaintiffs and Defendants shall also be referred to herein, collectively, as the "Parties," and individually, as a "Party." This Agreement shall be effective on the date that its execution is completed by all Parties ("Effective Date").

## RECITALS

WHEREAS, Lee filed a lawsuit in the United States District Court, District of Colorado, Case No. 1:19-cv-02430-KMT, alleging that she was owed wages in the form of unpaid minimum wage and overtime (the "Lawsuit"); and

WHEREAS, during settlement negotiations between the parties, Lee identified Somma (who allegedly worked the same amount of hours for the same pay) as an opt-in Plaintiff; and

WHEREAS, during settlement negotiations between the parties, Somma alleged that he is also owed wages in the form of unpaid minimum wage and overtime; and

1

WHEREAS, Defendants deny all allegations asserted by Plaintiffs, deny Plaintiffs or any similarly situated individuals' entitlement to any wages and further deny any and all claims asserted by the Plaintiff; and

WHEREAS, the Parties, in order to avoid the expense and disruption which will inevitably result from protracted litigation, desire to settle any and all claims, demands or rights, known or unknown, relating in any way to the employment relationship between Plaintiffs and Defendants, which have been or might have been asserted by Plaintiffs.

NOW, in consideration of the mutual promises and agreements set out herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration**: In full consideration of (a) Plaintiffs' execution of this Agreement, and (b) Plaintiffs' agreement to be legally bound by its terms, Best Budz will pay, or cause to be paid, to Plaintiffs and their counsel, the total aggregate sum of THIRTEEN THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($13,750.00) (the "Settlement Funds") which shall be apportioned and paid as follows:

    A. $6,000.00 payable to "Lewis Kuhn Swan PC" representing the full amount of Plaintiffs' alleged attorneys' fees and costs incurred in this matter, for which an IRS Form 1099 shall issue to Lewis Kuhn Swan PC from Best Budz; and

    B. $3,875.00 payable to "Courtney Lee". Of said amount, $1,937.50 (less applicable income tax withholdings and deductions) represents the amount of Lee's alleged unpaid wages and $1,937.50 represents liquidated damages. An IRS Form W-2 will be issued to Lee from Best Budz for the alleged unpaid wages and an IRS Form 1099 shall issue to Lee from Best Budz for the liquidated damages; and

C. $3,875.00 payable to "Michael Somma". Of said amount, $1,937.50 (less applicable income tax withholdings and deductions) represents the amount of Somma's alleged unpaid wages and $1,937.50 represents liquidated damages. An IRS Form W-2 will be issued to Somma from Best Budz for the alleged unpaid wages and an IRS Form 1099 shall issue to Lee from Best Budz for the liquidated damages; and

D. The referenced payments of the Settlement Funds shall be mailed, certified return receipt, to Lewis Kuhn Swan PC and within fifteen (15) days of the Effective Date of this Agreement or within fifteen (15) days from receipt of each recipient's W-9, whichever date is later; and

E. All Parties shall execute this Agreement no later than November 1, 2019; and

F. Plaintiffs agree that these payments comprise full and complete satisfaction of any and all alleged damages incurred by Plaintiffs, and that such payment is being made solely to resolve all claims between the Parties; and

G. Defendants are jointly and severally liable for payment of the Settlement Funds; and

H. The Parties shall file a Joint Motion for Approval dismissing this case with prejudice and seeking the Court's reservation of jurisdiction to enforce the terms of the Agreement within two (2) business days of the Effective Date. The Settlement Funds shall be held in trust by Lewis Kuhn Swan PC and not disbursed to Plaintiffs or their counsel until the Court approves this Agreement and dismisses the Lawsuit with prejudice. In the event the Court denies the Joint Motion for Approval and/or does not dismiss the Lawsuit with prejudice, for any reason, Lewis Kuhn Swan PC shall immediately return the Settlement Funds to Defendants' counsel at Greenspoon Marder, LLP Attn: Stuart Knight, Esq; and

1. Plaintiffs agree to be responsible for their respective share of any and all applicable federal and/or state income and other taxes as may be owed by them resulting from Settlement Funds paid by Best Budz under this Agreement. To the extent Defendants may be or are held liable for the payment of any taxes, interest and/or penalties in connection with the Settlement Funds, Plaintiffs, jointly and severally, agree to indemnify and hold Defendants harmless from and against any and all such taxes, interest and/or penalties in connection with the delivery of the Settlement Funds to Plaintiffs. Plaintiffs acknowledge that (1) Defendants have not made any representation with respect to the taxability of the Settlement Funds paid under this Agreement, and (2) Plaintiffs have received or will obtain advice to the extent each deems it necessary from qualified advisors in respect thereto. The Parties agree to cooperate with each other, consistent with applicable law, in connection with any lawful inquires by any taxing authorities.

2. **Release of Claims**: In return for the various promises and the payment made by, or on behalf of, Defendants, Plaintiffs hereby forever release, remise, discharge and acquit Defendants, including past, present and future subsidiaries, affiliates and related entities of Best Budz, and all of their officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, successors and assigns thereof (collectively, the "Released Parties") from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiffs ever had or now have, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement including, but not limited to:

4

A. any and all claims arising from any contract or agreement between Lee or Somma and the Released Parties for contractual payments or obligations, salary, wages, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits, including, but not limited to, any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, merit and longevity increases, commissions, severance payments, and all other benefits of all kind, earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs.

B. any and all claims growing out of, resulting from, or connected in any way to Lee's or Somma's working relationship with Defendants, including any and all claims for breach of contract, detrimental reliance, fraud, discrimination, impairment of contract, impairment of right to contract, harassment of any kind, retaliation of any kind, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention, and negligent supervision, prima facie tort, slander, claims or rights under any state and federal legislation including, but not limited to, the Age Discrimination in Employment Act of 1967, as amended [29 U.S.C. §§ 621 - 634], the Americans with Disabilities Act,

as amended [42 U.S.C. §§ 12101 - 12213], the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended [Pub. L. 99-509], the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §§ 1001 - 1461], the Equal Pay Act, as amended [29 - 206(d)], the Fair Labor Standards Act, as amended [29 U.S.C. §§ 201 - 219, the Family and Medical Leave Act, as amended [29 U.S.C. §§ 2601 - 2654], the National Labor Relations Act, as amended [29 U.S.C. §§ 151 - 169], the Occupational Safety and Health Act, as amended [29 U.S.C. §§ 651 - 678], the Older Workers Benefit Protection Act, as amended, [as codified at 29 U.S.C. § 626(f)], Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §§ 2000e - 2000e-17], 42 U.S.C. - 1981, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866 (Section 1981), the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the Genetic Information Nondiscrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act (USERRA), the Colorado Anti-Discrimination Act, the Workplace Accommodations for Nursing Mothers Act, the Pregnant Workers Fairness Act, the Lawful Off-Duty Activities Statute, the Colorado Labor Peace Act, the Colorado Labor Relations Act, the Colorado Equal Pay Act, the Colorado Minimum Wage Order, the Colorado Genetic Information Non-Disclosure Act, all as amended, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission

of any specific statute or law shall not limit the scope of this general release in any manner.

C. Plaintiffs further specifically waive any right of action and administrative and judicial relief which they might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations, federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state or local administrative agency. Plaintiffs promise never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims that are released by this Agreement. Plaintiffs further agree not to voluntarily participate in any claim brought by any other party against Defendants and/or any of the Released Parties.

D. This entire Agreement shall be null and void and all offers contained herein shall be automatically withdrawn unless Lee and Somma execute and return this Agreement to Defendants' counsel no later than seven (7) days after a mutually-agreeable document is emailed to Plaintiffs' counsel.

E. For the purpose of implementing a full and complete Release, Plaintiffs expressly acknowledge and agree that the foregoing Release is intended to include in its effect, without limitation, claims that Plaintiffs did not know or suspect to exist in Plaintiffs' favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would

    materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

  F. In return for the various promises and the payment made by, or on behalf of, Plaintiffs, Defendants hereby forever release, remise, discharge and acquit Plaintiffs, from any and all actions, claims or demands whatsoever, in law or in equity, which Defendants ever had or now have, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement.

3. **Non-Admission Clause**: Plaintiffs agree and acknowledge that this Agreement is not, and shall not be construed to be, an admission by the Released Parties of any liability or any act of wrongdoing whatsoever including, without limitation, any violation of (1) any federal, state or local law, statute, regulation or ordinance, or (2) any duty owed by Released Parties to anyone.

4. **Confidentiality**:

  A. The Parties shall not disclose, publish, publicize or disseminate, or cause to be disclosed, published, publicized or disseminated in any way, the terms or contents of this Agreement, unless (i) all Parties consent in writing or first make public disclosure of the terms or contents of this Agreement, (ii) otherwise required by law, regulation, subpoena or court order (including as part of the court approval process), (iii) necessary for accounting/tax purposes, or (iv) to the spouse or professional advisors (and as to such persons, each of them shall agree to hold in confidence the terms and

conditions of this Agreement and shall not disclose same). If Lee or Somma receive a subpoena or court order requiring disclosure of some or all of the terms and conditions of this Agreement, such individual shall timely provide copies of same to Defendants' counsel.

B. Upon inquiry by any third party as to the status of the above-referenced litigation, other than those persons specifically identified above, the Parties' response shall be strictly limited to a representation that "the matter has been resolved," which statement shall not be a violation of this confidentiality clause.

C. The Parties acknowledge that their failure to comply with this provision would constitute a material breach of the Agreement and would cause irreparable injury, which would not be adequately compensated by monetary relief. The Parties, therefore, agree that any breach of this Section 4 shall entitle the non-breaching Party to seek immediate injunctive relief in a court of competent jurisdiction. Accordingly, the Parties hereby stipulate that a proven breach of this Section 4 in a court of competent jurisdiction shall entitle the non-breaching Party to entry of a judgment for a permanent injunction against the offending Party granting the non-disclosure protection contracted herein and any other relief as deemed appropriate.

D. The Parties further agree that this confidentiality provision, is a material inducement for the execution of this Agreement. Any disclosure or dissemination other than as described above will be deemed a breach of this Agreement and a cause of action shall immediately accrue for damages, including reasonable attorneys' fees incurred by the non-breaching Party in recovering such monies and in enforcing this Agreement, with the non-breaching Party maintaining all rights, remedies and/or

causes of action otherwise available at law or in equity, including the right of Defendants to reclaim, in full all Settlement Funds paid to Plaintiffs under this Agreement.

E. The Parties acknowledge that, with the exception of the persons or situations hereinabove described, they have not previously disclosed any of the terms of this Agreement.

F. Notwithstanding the above provision, this Agreement shall be attached as an Exhibit to the Joint Motion for Approval and shall be filed with the Court for approval.

5. **Non-Disparagement**: The Parties agree not to say, write or cause to be said or written, directly or indirectly, any statement that may be considered defamatory, negative, critical, malicious, belittling, unfavorable, pejorative, deprecatory, derogatory or disparaging with respect to the Parties and the Released Parties. Further, Defendants agree that if they are contacted by any current or prospective employer regarding Plaintiffs, they shall provide no information regarding Plaintiffs other than their dates of service with Best Budz and service(s) performed.

6. **Covenant of Non-Assistance and Non-solicitation**: Plaintiffs agree, warrant and represent that neither they, nor anyone acting on their behalf (including their counsel), shall ever contact, communicate with, or solicit present or former employees or contractors of Best Budz, or any of its related entities and affiliates, for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Ringstrom or Best Budz with any governmental agency or any court.

7. **Re-employment or Contract Work**: Plaintiffs agree and recognize that their working relationship with Best Budz has been permanently and irrevocably terminated. As such, Plaintiffs expressly waive any right or claim to re-employment, reinstatement or any prospective future employment or contract work with Best Budz or any related entity owned and/or operated by Defendants. Plaintiffs further agree that under no circumstances shall they hereafter intentionally apply for, or otherwise seek, employment or contract work with Best Budz.

8. **Affirmation of Payment**: Plaintiffs affirm that Plaintiffs have been paid and/or have received all leave (paid or unpaid), compensation, wages (including minimum wage and overtime), bonuses, commissions, and/or benefits to which they may be entitled as of the Effective Date hereof, and that no leave (paid or unpaid), compensation, wages (including minimum wage and overtime), bonuses, commissions and/or benefits are due to them.

9. **Other Actions:** Plaintiffs represents that they have not filed, joined in or been a beneficiary of any complaints, charges or proceedings against Ringstrom or Best Budz, with any local, state, federal agency or court.

10. **Assignment**: Plaintiffs represent and warrant that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against Ringstrom or Best Budz. Plaintiffs further represent and warrant that no other person or entity other than the Parties hereto had or have any interest in the matters referred to in this Agreement. Plaintiffs shall not assign any of their rights or duties under this Agreement without the express written consent of Defendants.

11. **Binding Nature of Agreement**: This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors and assigns.

12. **Entire Agreement**: This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by the Parties.

13. **Prevailing Party:** In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

14. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Colorado. In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in the appropriate court located in the County of El Paso, Colorado. All Parties hereby submit to the jurisdiction of that Court. In the event enforcement of this Agreement or any of its terms or conditions is necessary, the prevailing party shall be entitled to attorneys' fees and costs.

15. **Severability:** If any provision of this Agreement of the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and, to this end, the provisions of this Agreement are declared severable.

16. **Acknowledgment of Legal Competence:** This Agreement is not to be construed against any Party. All Parties were represented by counsel and participated in the drafting of this Agreement. Plaintiffs hereby attest that they are legally competent to enter into this Agreement and that they fully understand and appreciate the terms, obligations and ramifications of same.

17. **Execution:** This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted by facsimile or email, shall be effective and binding as if it were the originally executed document.

18. **Notices:** Any notice, demand, approval, consent, waiver, information, agreement, offer, request or other communication to be given under or in connection with this Agreement must be in writing and shall be given by personal delivery, courier or email addressed or sent as specified below or to such other address as may from time to time be the subject of a notice:

if to Defendants:

    P.O. Box 1221
    Palmer Lake, CO 80133-1221
    Attn:  Mr. Tyson Ringstrom
    Email: xtremelandscapes@icloud.com

with a copy to:

    c/o Greenspoon Marder LLP
    1401 Lawrence St., Ste 1900
    Denver, CO 80303
    Attn:  Rachel Gillette, Esq.
    Email: Rachel.Gillette@gmlaw.com

if to Plaintiffs:

    c/o Lewis Kuhn Swan PC
    620 North Tejon St., Ste 101

Colorado Springs, CO 80903
Attn: Andrew Swan, Esq.
Email: aswan@lks.law

Any notice received on a Business Day prior to 5:00 p.m. local time in the place of receipt will be deemed to have been validly and effectively given and received on such date, and otherwise on the next following Business Day

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Execution Date above.

**Best Budz, LLC:**

By: _____
Name: Tyson Ringstrom
Title: Owner

Date: 10/31/19

**Tyson Ringstrom:**

By: _____

Date: 10/31/19

**Courtney Lee:**

By: *Courtney Lee*

Date: 10/29/2019

**Michael Somma:**

By: *Michael Somma*

Date: 10/29/2019

14