IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02430–KMT

COURTNEY LEE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

BEST BUDZ LLC, a Colorado limited liability company, and
TYSON RINGSTROM, an individual,

    Defendants.

## ORDER

    This matter is before the court on the parties' "Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice." (["Motion"], Doc. No. 17.)

    Generally, in an FLSA action, if settlement approval is required, the court must "review the proposed settlement to ensure (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1170 (D. Colo. 2018) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

    In this District, however, the law with respect to requiring court approval of FLSA actions is somewhat in flux. Indeed, as the parties correctly observe, several recent opinions have held that, absent special circumstances, FLSA settlements do not require court approval.

*See, e.g., Fails v. Pathway Leasing LLC*, No. 18-cv-00308, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018); *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, ECF No. 132 (D. Colo. Jan. 9, 2017)). In *Ruiz*, Chief Judge Krieger, reasoning that "nothing in the text of the FLSA expressly requires court review and approval of settlements," joined with other courts which have held "that an FLSA claim that is genuinely disputed by the employer may be compromised via a private settlement between the parties, and [] such settlement will be legally effective regardless of whether [the settlement is] submitted to or approved by the trial court." *Ruiz*, No. 14-cv-00870-MSK-NYW, ECF No. 132 at 2, 6 (citing *Martin v. Spring Break '83 Prod., LLC*, 688 F.3d 247, 255 (5th Cir. 2012)); *see also Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1116 (D. Colo. 2017) (explaining that, in light of the "increased autonomy that plaintiffs in [an FLSA] 'collective action' have," courts "have begun to question whether settlements of 'collective action' claims should require court approval, or whether they should be treated as would a settlement in any other action with multiple plaintiffs"); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005) (holding that, in some circumstances, private settlements of FLSA rights are enforceable without judicial review).

In *Fails*, District Judge Arguello held that if "it does not appear that there is a defect in either the settlement agreement itself or in the settlement process that would require an inquiry as to whether the dispute is bona fide," the parties "need only advise the Court that all claims have been resolved and that they desire to dismiss the case or close it." *Fails*, 2018 WL 6046428, at *4. However, earlier that same year, in *Davis*, Judge Arguello held that court approval of FLSA settlements is mandatory, because it "effectuates the purpose of the statute, which is to 'protect

certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee.'" *Davis*, 292 F. Supp. 3d at 1170 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

*Davis* involved employees of Sanjel USA Inc., all of whom worked as manual laborers at oil and gas wells across the United States. *Id.* at 1171. The employees in *Davis* were divided into two separate groups: (1) those who were paid under the same fluctuating workweek scheme that included overtime compensation; and (2) those who were paid hourly with overtime, but who alleged that their regular rate of pay was improperly calculated, and that they were required to perform off-the-clock work. *Id.* Although at the time of settlement, no collective had been conditionally certified, 178 plaintiffs opted into the action and consented to the three named Plaintiffs representing their interests in the proceeding. *Id.* at 1170.

In *Fails*, by contrast, the two plaintiffs entered into a contract with one defendant, Cargill, to transport freight to Cargill's customers, using motor vehicles leased from a second defendant, Pathway. *Fails*, 2018 WL 6046428, at *1. The *Fails* plaintiffs alleged that their collective group was "subjected to improper deductions by Pathway, which caused the Net Settlement Payment ultimately remitted to them by Pathway to amount to less than the applicable minimum wage, in violation of the [FLSA]." *Id*. The proposed collective was composed of "individuals who entered into an agreement with Cargill to transport freight by motor vehicle with a vehicle leased from Pathway and who executed a Payment Authorization to Pathway," and the settlement agreement was said to "affect only the claims of those Plaintiffs who elect to file a valid Claim Form in order to receive their share of the Settlement, not those who choose not to participate for whatever reason." *Id*.

In *Ruiz*, a hybrid action involving seventy-three employees, the plaintiffs litigated their FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b), and their Colorado Wage Claim Act claims as a putative class action, pursuant to Federal Rule of Civil Procedure 23. *Ruiz*, No. 14-cv-00870-MSK-NYW, ECF No. 132 at 1. The plaintiffs later abandoned their claims under the Colorado Wage Claim Act, and thereafter, proceeded to seek approval of the settlement, as to their FLSA claims only. *Id.* at 1-2. Judge Krieger, in her analysis, summarized the types of settlements that generally require court approval, as follows:

> In modern jurisprudence, only a narrow range of settlements require court approval. Among them are settlements in Rule 23 class actions and settlements involving infants or incompetent persons. In such circumstances, judicial review of compromises is necessary because the parties affected – the class members or the incompetent persons – are not directly before the court nor have they necessarily participated in the decision to settle.

*Id.* at 5. Ultimately, Judge Krieger held that court approval of the settlement was not mandatory in that instant. *Id.* at 7. In doing so, however, she left the approval gate open for those cases exhibiting certain unusual qualities, such as "when not all opt-in plaintiffs can be contacted to obtain consent" to settle the case. *Id*.

Language in *Fails* appears to reconcile *Davis* (requiring court approval) with *Ruiz* (not requiring court approval). Judge Arguello, writing in *Fails*, addressed the holding in *Ruiz*, stating, in relevant part:

> Where, for example, not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement or where a party alleges that an agreement does not actually pertain to a bona fide dispute—which is to say that there is evidence of malfeasance or overreaching in obtaining a settlement agreement—this Court will scrutinize the purported settlement.

*Fails*, 2018 WL 6046428, at *3. *Davis*, obviously, would fall into the first category, given that direct contact with 173 manual laborers working in oil and gas fields in diverse locations might well have been unattainable. See *Davis*, 292 F. Supp. 3d at 1171.

Interestingly, other court in this District have not come out the same way. *See, e.g., Thompson v. Qwest Corp.*, No. 17-CV-1745-WJM-KMT, 2018 WL 2183988, at *2 (D. Colo. May 11, 2018) (holding that an FLSA settlement required court approval, where all putative class members had not yet been brought before the court, and no conditional certification had been entered); *Teague v. Acxiom Corp.*, No. 18-cv-01743-NYW, 2018 WL 3772865, at *1 (D. Colo. Aug. 9, 2018)*, and Manohar v. Sugar Food LLC*, No. 16-cv-02454-NYW, 2017 WL 3173451, at *2 (D. Colo. July 26, 2017) (acknowledging *Ruiz*, but opting to apply the more traditional standard of FLSA settlement approval, given that the issue had not yet been settled by the Tenth Circuit).

Earlier this year, in a very thorough analysis of this issue, Magistrate Judge Kristin Mix, acting on consent, examined court decisions throughout the country, and concluded, the following:

> The tension between *Cheeks* [*v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015)], *Lynn's Food*, *Ruiz*, and *Fails* is likely to grow as more courts wade into this discussion of whether FLSA policy requires approval of such settlements. However, the Court notes that while there is disagreement over whether FLSA settlements *must* be approved by the Court, there does not appear to be disagreement at this time over whether FLSA settlements *may* be approved by the Court. Thus, given the current uncertainty of the legal landscape, the Court chooses to review the Motion, as requested by the parties, under the factors traditionally considered in the District of Colorado, despite the fact that there does not appear to be any obvious defect in the settlement process or agreement.

*Slaughter v. Sykes Enters., Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *2 (D. Colo. Feb. 11, 2019) (internal citations omitted).

This court agrees that the peculiar opt-in nature of an FLSA collective action anticipates that all parties who settle are actively participating and are represented by counsel. *See Ruiz*, No. 14-cv-00870-MSK-NYW, ECF No. 132 at 5. However, this does not necessarily mean that all opt-ins are readily available to give consent to a settlement. There is no question that a collective action under the FLSA is distinct from a Rule 23 class, which is an opt-out scenario where "judicial review of compromises is necessary because the parties affected – the class members or the incompetent persons – are not directly before the court nor have they necessarily participated in the decision to settle." *Id*.

This case involves a putative collective composed of two persons, Plaintiff and her boyfriend, the one opt-in, Michael Somma, against their employer, Defendants Best Budz, LLC and Tyson Ringstrom. While the parties have requested that the court review the settlement agreement, they have not provided the court with any in depth analysis of the *Lynn's Foods* factors. Nevertheless, the court can ascertain from the Confidential Settlement Agreement ["the Agreement"] that both Plaintiff and the one opt-in member participated directly in settlement negotiations.[1] (*See* Doc. No. 17-1 at 1.) The Agreement involves payment to Plaintiff, the one opt-in, and their attorney. (*Id*. at 2-3.) Significantly, there does not appear to be a defect, in either the Agreement, itself, or in the settlement process, that would require an inquiry as to whether the dispute is bona fide. Thus, this case sits squarely in the camp of cases that do not require judicial approval of the settlement. Accordingly, based on the rationale of *Ruiz* and *Fails*, there is no need to review the merits of the Agreement in this case, and the court,

---

[1] Although confidentiality is a condition of the Agreement, (*See* Doc. No. 17-1 at 8), the Agreement was not filed under restriction. As a result, it is, and has been, publicly available.

therefore, declines to do so.[2] *See Fails*, 2018 WL 6046428, at *4; *Ruiz*, No. 14-cv-00870-MSK-NYW, ECF No. 132 at 11-12.

Accordingly, it is

**ORDERED** that the parties' "Joint Motion to Approve Settlement Agreement and Dismiss Action with Prejudice" (Doc. No. 17) is **GRANTED, in part, and DENIED, in part**. The request for the court to approve the Confidential Settlement Agreement is **DENIED**. The request to dismiss this action with prejudice, based on the parties' successful settlement negotiations, is **GRANTED**.

It is **ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

Dated this 12th day of November, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Since the relevant law in this District is not settled, and because the Tenth Circuit has yet to weigh in on whether all FLSA settlements require court approval, the court, in an abundance of caution, finds that, considering the facts presented in the instant motion and attached settlement documents, the litigation in this case involves a bona fide dispute; the proposed settlement is fair and equitable to all parties concerned; and the proposed settlement contains a reasonable award of attorneys' fees. Thus, the court would have approved the settlement, in any event.